**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **VICTORIA LYNN ROBERTS,** | ) | **Case No. 10-51861** |
| | ) | |
| **Debtor.** | ) | |

**MEMORANDUM DECISION GRANTING DEBTOR'S MOTION TO REOPEN CASE**

The Court held a hearing on March 20, 2013 to consider Victoria Lynn Robert's (the "Debtor") motion to reopen her closed Chapter 7 case. At that hearing, the Court took the matter under advisement to determine whether grounds existed to reopen Debtor's case. For the reasons set forth below, the Court grants the motion.

FINDINGS OF FACT

In November of 2006, Debtor executed a deed of trust on real property located at 60 Walters Lane, Raphine, VA 24472, located in Augusta County Virginia (the "Deed"). Debtor's Exhibit I, *In re Roberts*, No. 10-51861 (Bankr. W.D.Va. Mar. 20, 2013) ECF No. 30. The Deed was executed to secure a loan made by Ameritrust Mortgage Company and evidenced by a promissory note for $182,750.00. *Id.* The Deed was recorded in Augusta County on December 7, 2006. *Id*. Four years later, the Debtor filed a voluntary Chapter 7 petition on November 16, 2010. No claims were filed in the bankruptcy case and the Chapter 7 Trustee filed a report of no distribution on December 22, 2010. The debtor was discharged, and the case closed, on March 29, 2011. Following the Debtor's discharge, Mortgage Electronic Registration Systems, Inc. ("MERS"), the beneficiary of the Deed, assigned its interest under the Deed to HSBC Mortgage Services, Inc. ("HSBC") and caused such to be recorded with Augusta County on July 30, 2012. *Id.* HSBC then appointed Surety Trustees, LLC as substitute trustee of the Deed on December 3, 2012 and caused such to be recorded with Augusta County on January 4, 2013. *Id*. Debtor filed its motion to reopen on January 23, 2013. That motion merely stated why this Court had jurisdiction to reopen Debtor's case, as well as the provision of the Bankruptcy Code granting the Court

authority to do such. Debtor's Motion to Reopen, *In re Roberts*, No. 10-51861 (Bankr. W.D.Va. Jan. 4, 2013) ECF No. 19. On March 4, 2013, HSBC took steps to initiate a Trustee's sale on Debtor's real property covered by the Deed and securing the note. Debtor's Amended Motion to Reopen, *In re Roberts*, No. 10-51861 (Bankr. W.D.Va. Mar. 19, 2013) ECF No. 27.The Trustee's sale was scheduled to take place on March 20, 2013. *Id.* The Court has no information at this time as to whether the sale has or has not taken place. In preparation for the hearing on March 20, the Debtor filed an amended motion to reopen in which she alleged that HSBC was not secured and/or not perfected as of the date of her discharge, that certain changes had been made to the original deed of trust without her knowledge or consent, and in which she provided the Court with partial records of the Deed and subsequent recordings in Augusta County associated with her Deed. *Id.* The Debtor, however, has neither provided the Court with a full copy of the Deed, nor a copy of the note secured by the Deed. Debtor's Exhibit 1, *Roberts*, No. 10-51861 (Bankr. W.D.Va. Mar. 20, 2013) ECF No. 30. The Debtor has represented herself *pro se* throughout all proceedings before the Court.

## CONCLUSIONS OF LAW

This matter involves pleadings and arguments prepared by Debtor *pro se*. Debtor's motion and amended motion to reopen are not entirely clear as to the relief Debtor is seeking. While the amended motion provides the Court with ample information, Debtor's motion to reopen could be construed as seeking relief for a violation of the discharge injunction, seeking determination of the extent, validity, and amount of HSBC's claim, or seeking an action to strip HSBC of any lien it may have or had on Debtor's real property. Looking at the amended motion in its entirety, the Court determines that it is appropriate to treat Debtor's motion as a motion to reopen to determine if HSBC's post-discharge actions involving the Deed and Trustee's sale have violated the discharge injunction.[1]

---

[1] *In re Mungo*, 305 B.R. 762, 769 (Bankr. D.S.C. 2003) (finding that federal courts generally interpret *pro se* documents liberally and afford greater latitude as a matter of judicial discretion); *In re A.H. Robins Co.*, 197 B.R. 597, 602 (Bankr. E.D.Va. 1994) (treating *pro se* creditor's motion to show cause as a motion to reinstate her claim in the name of expediency, efficiency, and fairness).

Section 350(b) of the Bankruptcy Code provides the Court with the authority to reopen a debtor's closed case to administer assets, accord relief to the debtor, or for other cause. The Fourth Circuit has adopted a discretionary approach to reopening under section 350(b) and has held that the debtor's "right to reopen a case depends upon the circumstances of the individual case … ." *Hawkins v. Landmark Finance Company*, 727 F.2d 324, 326 (4th Cir. 1984). The decision whether to reopen the debtor's case is a decision committed to the court's discretion, *id*., and should be granted liberally. *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D.Va. 2005). In making such a determination, the court must balance the need to avoid considering and determining the merits of the debtor's underlying action twice and the need to avoid reopening cases for futile endeavors not capable of providing the debtor with relief. *See In re Jones*, 367 B.R. 564, 567 (Bankr. E.D.Va. 2007); *Potes*, 336 B.R. at 732. It is within this context that the Court finds that cause exists to reopen the Debtor's case to determine if a violation of the discharge injunction has occurred.

A debtor's desire to seek relief for violation of the discharge injunction is an appropriate reason for granting a debtor's motion to reopen a closed bankruptcy case. *See Potes*, 336 B.R. at 733; *see generally Jones*, 367 B.R. 564; *In re Presley*, 288 B.R. 732 (Bankr. W.D.Va. 2003). Section 524(a)(2) provides that a discharge operates as an injunction against efforts to collect debt as a personal liability of the debtor. *See also Jones*, 367 B.R. at 567; *Potes*, 336 B.R. at 733. As the discharge generally relates only to the debtor's personal liability, there is little to prevent a creditor from proceeding *in rem* against the debtor's property when such property secures pre-petition debt. *Thompson v. Board of Trustees of the Fairfax County Police Officers Retirement System*, 182 B.R. 140, 154 (Bankr. E.D.Va. 1995). As such, granting Debtor's motion to reopen would be a futile endeavor if it were true that HSBC holds a secured claim. Therefore, the Court must consider whether there is sufficient evidence to determine whether HSBC holds a secured claim.

In Virginia, the situs of the Debtor's real property, a deed of trust is security for the debt. *Williams v. Gifford*, 123 S.E. 403, 404 (Spec. Va. Ct. App. 1924). Where the debt secured by the deed of

3

trust is transferred to a third party, the security provided by the deed of trust is transferred automatically with the debt. *Stimpson v. Bishop*, 82 Va. 190, 200 (Va. 1886) ("It is undoubtedly true that a transfer of a secured debt carries with it the security without formal assignment or delivery."); *Williams*, 123 S.E. at 404; *Horvath v. Bank of New York*, 2010 WL 538039, *2 (E.D.Va. 2010) (finding that the separating of a promissory note from the deed of trust securing said note did not render the deed of trust unenforceable). Furthermore, Virginia law does not require the recordation of a transfer of the promissory note and/or the underlying deed of trust. VA. CODE ANN. § 55-66.01 (2013); *Horvath v. Bank of New York*, 641 F.3d 617, 626 (4th Cir. 2011) (interpreting provision to mean that parties may elect to record the transfer in the land records, but need not do so). A subsequent transfer without recordation will not terminate the security interest provided by the deed of trust. *Id.* In short, where a promissory note, secured by a properly recorded deed of trust, is transferred, the security interest provided by the deed remains perfected and continues to provide security for the note without any transfer of the deed or additional recordation. Given Virginia's treatment of promissory notes and deeds of trust related to real property, the owner and holder of the note secured by the Deed on Debtor's real property would be the holder of a secured claim that survived the Debtor's discharge; such would be true regardless of whether any transfer was recorded in Augusta County prior to the Debtor's petition date.

According to information provided by the Debtor, HSBC claims to be the holder and owner of the note secured by the Deed and initially held and owned by the Lender, Ameritrust Mortgage Company. HSBC, however, has not filed any information with the Court in this matter or the Debtor's earlier bankruptcy proceedings and the Debtor has not provided the Court with any information regarding HSBC's status as a holder and/or owner of the note secured by the Deed. Additionally, the Court has not been made privy to the terms of the note or even the complete terms of the Deed. Without information regarding the terms of the operative documents and HSBC's status as a holder and owner of the note, the Court cannot determine whether HSBC is the holder of a secured claim. As such, the

futility of reopening Debtor's case is not readily apparent. Furthermore, Debtor had listed HSBC as a creditor in her bankruptcy case. In the event that HSBC does not currently hold and, also, did not hold a perfected secured claim at the time of the discharge, any action taken by them to collect on a debt discharged under the Debtor's bankruptcy would potentially be a violation of the discharge injunction. Therefore, the Court finds that cause exists to grant Debtor's motion to reopen her bankruptcy case to determine if HSBC's actions have violated the discharge injunction. For the reasons set forth above, Debtors' motion to reopen is granted. A separate order will be issued granting the motion to reopen and schedule further proceedings.

Copies of this Memorandum Decision shall be sent: to the debtor, Victoria Lynn Roberts; the Chapter 7 Trustee, George I Vogel, PO Box 18188, Roanoke, VA 24014; the creditor: HSBC Mortgage Services, Inc., PO Box 3425, Buffalo, NY 14240-3425; Michael A. Freeman, Vice President of HSBC Mortgage Services, Inc., 3023 HSBC Way, Fort Mill, SC 28288; Assignments, HSBC Mortgage Services, PO Box 1422, Brandon, FL 33509; HSBC Mortgage Services, c/o Nalaty Cabrera, 636 Grand Regency Blvd., Brandon, FL 33510; Bankruptcy Department, HSBC Mortgage Services, PO Box 9068, Brandon, FL 33509-9068; John J. Owens, 14045 Ballantyne Corporate Place, Suite 101, Charlotte, NC 28277; Richard E. Craig, 9303 Center Street, Suite 101, Manassas, VA 21120; Equity Trustees, LLC, 2020 N. 14th Street, Suite 750, Arlington, VA 22201; Surety Trustees, LLC, 4021 University Drive, Suite 202, Fairfax, VA 22030; and all creditors.

Date:  April 1, 2013

_____
Rebecca B. Connelly
U. S. Bankruptcy Judge

5